### B. V. RAY, ET AL. *v* H. B. RAY, ET AL.

**Construction of Will.**

> Where a testator, after devising all of his estate to his widow and
> nephew, provided that, if there should be any profit from a purchase
> he had made from certain relatives of their interest in his brother's·
> estate, it should go to those from whom he purchased such interests,
> but provided that the devisee, his nephew, was to be the sole judge
> of whether there were such profits, it was held that the decision of
> the nephew as to such profits was final, and where he decided there
> were no profits to divide, the court, in an action by relatives, could
> not review his decision.

### APPEAL FROM MARION CIRCUIT COURT.

October 23, 1879.

OPINION BY JUDGE COFER:

This suit was brought by the heirs-at-law of Francis S. Ray against the executor and devisees of Foster Ray to recover a legacy alleged to be given them by the will of the latter.

Foster Ray, after devising all his estate to his widow and his nephew, Hugh B. Ray, goes on to say "and should there be any profit arising from the purchase of the different legatees of brother F. S. Ray's estate, which interest I bought of them, after counting ten per cent. on the amount I paid for it and compounding it every year, also including taxes, costs, and paying for trouble in attending to it, as it is not my wish to speculate out of them. Hugh B. Ray is to be sole judge of this, and no appeal to be taken from his decision."

The interest here referred to was an undivided interest held by F. S. Ray in certain real estate owned by him and Foster Ray jointly. It is not alleged that H. B. Ray had failed or refused to decide whether there had been any profit on the purchase, or that he had not honestly decided, but it alleged that there were large profits, and the court was asked to decide what the profit amounted to, and render judgment therefor.

H. B. Ray answered insisting that the question whether there was any profit was to be decided by ascertaining the value of the property at the time of Foster Ray's death, and he alleged that he had done this and that there was no profit, and insisted that his decision was final and conclusive.

By consent of the parties the cause was submitted to the court for a construction of the will. The court adjudged that the value of the property, as of the date of the death of Foster Ray, was the criterion for ascertaining whether there was any profit, and that the decision of H. B. Ray was not conclusive, but the court could inquire into and determine the value of the property, the amount of taxes and costs, and what would be a proper allowance for trouble in attending to the interest purchased, and referred the cause to a commissioner for that purpose.

From that judgment the plaintiffs have appealed, and the defendants prosecute a cross-appeal.

The plaintiffs contend that the court erred in fixing the time of the testator's death as the period at which the value of the property was to be computed in order to ascertain whether there had been a profit; that, as H. B. Ray and the widow of the testator were devisees of the property and executor and executrix of the will, it was their duty to sell the property in order to ascertain whether there was any profit, and how much, and that as they have not done so they should now be compelled to sell, or the property should be estimated at the present value, and judgment rendered in their favor on that basis.

The appellees contend that the court erred in deciding that the decision of Hugh B. Ray that there were no profits is not final, and that the court might inquire into the facts and decide that question. The testator did not direct the property to be sold, and the absolute gift of it to the two devisees is inconsistent with the duty on their part to sell it for any purpose of the will. As they were not bound to sell, the only right the plaintiffs could have was to have the value ascertained as of the time of the testator's death. The case from its very nature does not admit of any other period, and the court did not err to the prejudice of the plaintiffs.

The cross-appeal presents some difficulty. It is contended for the appellants that the will creates a trust in their favor, and vests them with a right to the difference between what they received for their interest in the property, and interest, taxes, etc., and the value

24

of the interest at the period fixed for computing such value, and that as Hugh B. Ray is a devisee of one-half of the testator's estate, and therefore interested, to decide that there is no profit, the clause giving him such power, is repugnant and void.

That the will creates an interest in the children of F. S. Ray we entertain no doubt. If Hugh B. Ray had failed or refused to exercise the power given him to decide whether there was any profit or not, or had fraudulently exercised the power, or had died before exercising it, we do not doubt but that the chancellor might have exercised it in his stead. The power was given to him for the benefit of the appellants, and it was therefore not a naked power, which he might exercise or not at his mere pleasure, but it was a power coupled with a trust or duty, and the object of the testator could not be defeated by his failure or refusal to execute the power. I Perry on Trusts, Secs. 248 to 251.

But he has executed the power and there is no complaint that he has not done so fairly, so that the precise question presented is whether conceding all this the appellants nevertheless have a right to have the question investigated and decided by the court. We think they have not.

While it is true the will shows clearly and unmistakably that the testator designed that the children of his brother should have any profit that there might be on the property purchased from them, it shows with equal clearness that he did not intend them to have anything if Hugh B. Ray should decide that there was no profit, and while the language of the bequest is absolute when separated from the last sentence, when the whole is considered together it is no more than a gift or condition that there shall, in the opinion of Hugh B. Ray, be a profit on the purchase, and in order to leave no room to doubt that such was his purpose he declares that "no appeal shall be taken from his decision." Ray is the donee of a power in trust, and the trust does not extend beyond the bona fide exercise of the power. If it has been exercised honestly and in good faith the trust is at an end, and the chancellor has no more power to review or set aside the action of any other trustee whose action is not assailed as unfaithful.

It may seem unreasonable that he should have been empowered to determine whether the appellants should have anything out of an estate, one-half of which was given to him. But however unreasonable such a provision may be, it is not unlawful. The testator had

a right to ascertain in his own way, and by such agency as he chose to indicate, whether there was any profit, and, if any, how much.

Precatory words are held to create trusts solely on the ground that such was the intention of the testator, and consequently, when notwithstanding the use of such words it has appeared that the testator did not mean them to be peremptory, but merely hortatory, it has been held that they do not raise a trust.

In this case the bequest, when considered independently of the provision in regard to the agency for ascertaining whether there was a profit, seems clearly to indicate that the testator intended the children of his brother to have whatever profit there might in fact be, but it is equally clear, when the whole clause relating to that subject is considered together, that he also intended that it should be conclusively ascertained by Hugh B. Ray, whether there was any such profit, and if Ray should decide that there was no profit they should not have anything.　To hold, notwithstanding his decision fairly made, that the court can inquire into the matter and reverse his decision, is to disregard the plainly expressed intention of the testator and to make a will for him.

Wherefore the judgment is *reversed* on the cross-appeal and the cause is remanded for further proper proceedings.

*Russell & Arritt, for appellants.*

*J. I. Galladay, John M. Porter, for appellees.*